# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DARNELL HATTEN, | Civil Action No. 2: 13-cv-01302 |
| Petitioner, | |
| | Chief United States District Judge |
| v. | Joy Flowers Conti |
| COMMONWEALTH OF PENNSYLVANIA and THE ATTORNEY GENERAL OF THE STATE OF PA, | United States Magistrate Judge Cynthia Reed Eddy |
| Respondents. | |

## REPORT AND RECOMMENDATION

**I.     RECOMMENDATION**

For the reasons that follow, it is respectfully recommended that the Petition for Writ of Habeas Corpus (ECF No. 1) be summarily dismissed as moot due to Petitioner's death during the pendency as this action and that this case be closed.

**II.    REPORT**

On September 6, 2013, Petitioner Darnell Hatten, a former Pennsylvania state prisoner, filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. The Petitioner asserts a challenge to his convictions entered in the Court of Common Pleas of Allegheny County at Criminal Case No. CP-02-CR-0005679-2007.

It appears from the face of the Petition that Petitioner is not incarcerated and, as such, does not meet the "in custody" requirement of 28 U.S.C. § 2254. Accordingly, on September 16, 2013, the Court issued a Show Cause Order directing Petitioner to show in writing on or before October 21, 2013, why the petition should not be dismissed for failure to satisfy the "in custody"

1

requirement under 28 U.S.C. § 2254(a). On October 15, 2013, the Show Cause Order was returned to the Court in an unopened envelope with the notation "deceased." *See* ECF No. 7.

The Court has conducted its own research and has found an obituary published on September 16, 2013 by Minor-Morris Funeral Home, Ltd, as well as an obituary published on September 18, 2013, in the Joliet Patch newspaper. (Copies of both are attached to this Report and Recommendation.) Pursuant to Federal Rule of Evidence 201, judicial notice may be taken of a fact that is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) <u>capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned</u>." Fed. R. Evid. 201(b) (emphasis added).

Based upon the aforementioned obituaries, the Court will take judicial notice of the fact that Petitioner Darnell Hatten is, in fact, deceased. The instant 28 U.S.C. § 2254 Petition does not survive his death. *Keitel v. Mazurkiewicz,* --- F.3d ---, 2013 Wl 4675638 (3d Cir. Aug. 30, 2013). Consequently, the Petition should be dismissed as moot due to Petitioner's death during pendency of this action.

### III. **CONCLUSION**

For the foregoing reasons, it is respectfully recommended that the Petition for Writ of Habeas Corpus (ECF No. 5) be dismissed as moot due to Petitioner's death during pendency of this action and that this case be closed.

In accordance with the applicable provisions of the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B)&(C), and Rule 72.D.2 of the Local Rules of Court, the parties shall until **November 18, 2013** to file written objections thereto. Any party opposing such objections shall

have fourteen (14) days from the date on which the objections are served to file its response. A party's failure to file timely objections will constitute a waiver of that party's appellate rights.

Dated: November 1, 2013.

*s/ Cynthia Reed Eddy*  
Cynthia Reed Eddy  
United States Magistrate Judge

cc: DARNELL HATTEN  
HU5273  
7505 Bennett St.  
Pittsburgh, PA 15206